NOSSAMAN LLP
STEPHEN P. WIMAN (SBN 54825)
swiman@nossaman.com
THOMAS DOVER (SBN 175363)
tdover@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Plaintiff and
Counterdefendant VAQUERO ENERGY, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAQUERO ENERGY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF HERDA, an individual, and doing business as INTEGRATED CONTROL SYSTEMS, BRAXBRO, INC., a Nevada corporation, and doing business as INTEGRATED CONTROL SYSTEMS, INTEGRATED CONTROL SYSTEMS, a corporation, and DOES 1 through 20,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No: 1:15-CV-00967-JLT<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Computer Fraud and Abuse Act, 18 U.S.C. § 1030<br><br>2. California Computer Data Access and Fraud Act, Cal. Pen. Code § 502<br><br>3. Stored Communications Act, 18 U.S.C. § 2701<br><br>4. Unfair Competition Law, Cal. Bus. & Prof. Code § 17200<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Vaquero Energy, Inc. ("Vaquero") alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1300 et seq, the Stored Communications Act, 18 U.S.C. § 2701 et seq. and the laws of the State of California, including the California Computer Data Access and Fraud Act, Cal. Pen. Code, § 502(c), and the California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200 et seq.

2. This court possesses subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. The court possesses supplemental subject matter jurisdiction over those claims arising under state law pursuant to 28 U.S.C § 1367.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because defendant Jeff Herda ("Herda") resides in the district and because the wrongful conduct of all defendants occurred in the district.

## PARTIES

4. At all times relevant to this action, plaintiff Vaquero was, and is, a corporation duly organized and existing under the laws of the State of California with its principal place of business in the County of Kern, State of California. Plaintiff Vaquero is in the business of oil and gas collection with oil and gas installations in California, Texas, Colorado and Wyoming, staffed by approximately 45 total employees and contractors.

5. Plaintiff Vaquero is informed and believes, and thereon alleges, that at all times relevant to this action, defendant Herda was, and is, an individual, and doing business as Integrated Control Systems, with his residence and principal place of business in the County of Kern, State of California.

6. Plaintiff Vaquero is informed and believes, and thereon alleges, that at all times relevant to this action, defendant BRAXBRO, INC. was, and is, a Nevada corporation, and doing business as Integrated Control Systems, ("BRAXBRO") with its principal place of business in the County of Kern, State of California.

7. Plaintiff Vaquero is informed and believes, and thereon alleges, that at all times relevant to this action, defendant INTEGRATED CONTROL SYSTEMS was, and is, a corporation with its principal place of business in the County of Kern, State of California.

8. Defendants DOES 1 through 20, whose identities and addresses are unknown to Plaintiff, are individuals and/or business entities that engaged in the unlawful activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.

9. Plaintiff is informed and believe and thereon allege that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## THE FACTS

10. In or about July, 2008, plaintiff Vaquero contracted with defendants Herda, BRAXBRO, INTEGRATED CONTROL SYSTEMS and DOES 1 through 20 (collectively and individually referenced as "DEFENDANTS") to provide the following services:

> Information technology maintenance, updates, upgrades and coordination services for oil and gas

collection facility software, hardware and/or firmware (combination of hardware and embedded software; e.g., mobile phones or digital cameras) including but not limited to Vaquero finance, operational and administrative software and systems, programmable logic controllers [PLC's] and a related centralized supervisory control and data acquisition [SCADA] system.

The contract between plaintiff Vaquero and DEFENDANTS included oral and written agreements including a Master Service Agreement, dated February 2, 2013, electronic and written communications, invoices from DEFENDANTS to plaintiff Vaquero, and payments to DEFENDANTS from plaintiff Vaquero. DEFENDANTS provided periodic invoices, which typically consisted of hand-written descriptions of the specific services based on the instructions, design and requests delivered by Vaquero employees or agents; the invoices date between approximately July 7, 2008 and May 7, 2015.

11. The services incorporated the translation of instructions received from plaintiff Vaquero's employees into a so-called ladder logic whereby DEFENDANTS utilized third-party software (RSLogix™ 5000 by Rockwell Software) to select from a drop-down menu a series of instructions to establish a desired sequence to control and instruct effectively the PLC devices connected to oil and gas collection facilities. Similarly, DEFENDANTS utilized third-party software (Wonderware® by Schneider Electric) to select from menus of options to coordinate the receipt, organization, synchronization and display of real-time status and levels from the network of PLC devices. Finally, the services included documenting the services, including the ladder logic.

12. Each PLC and SCADA device, software and hardware may be controlled via third-party software (RSLogix™, Wonderware® or others) to create and require security access including user names, passwords and other access control. This access control prohibits any modification of control and instructions to the PLC devices or the SCADA monitoring systems. As part of DEFENDANTS' services, DEFENDANTS created user names, passwords and other access controls for plaintiff Vaquero's software, hardware and systems.

13. Combined, the PLC devices, SCADA system, and central Vaquero operations and administrative software, hardware, firmware and systems monitor and adjust the collection of oil and gas resources via heavy industrial installations. All such PLC devices, computers, software, hardware and firmware are owned by plaintiff Vaquero.

14. Between 2007 and 2015, DEFENDANTS provided such services and plaintiff Vaquero paid DEFENDANTS the approximate sum of $1,347,560.46 for the services.

15. Throughout late 2014 and into the beginning of 2015, plaintiff Vaquero initiated a restructuring of its information technology requirements, staffing and strategy. Prior to the planned IT restructuring, DEFENDANTS created a single password, "2 2 2 2," for certain steam generators that was provided to, and known by, plaintiff Vaquero employees. After plaintiff Vaquero initiated the IT restructuring it discovered that the steam generator password, "2 2 2 2," was no longer valid. Unknown to plaintiff Vaquero and without permission or authorization, DEFENDANTS accessed plaintiff Vaquero's computer system and imposed new passwords and access control limitations on key or critical PLC devices, SCADA system, and central Vaquero operations and administrative software, hardware, firmware and systems. After the discovery of the unaccepted, changed or

new password(s), and concurrent with the IT restructuring, plaintiff Vaquero made repeated unsuccessful requests to DEFENDANTS for, among other information, the user names, passwords, control access information and documentation to Vaquero's PLC's, SCADA system, and other software and systems.  DEFENDANTS did not provide the requested information. The unsuccessful requests included, but are not limited to:

      A.  On or about December 10, 2014, Don Lawson, an employee of Vaquero, shared emails with defendant Herda which requested all "logins and passwords to the various server, firewalls, and any other devices."  In response, Mr. Lawson received from defendant Herda an Excel® spreadsheet which did not include or identify all requested information, or the information was inaccurate and did not allow access to various systems.

      B.  On or about March 31, 2015, defendant Herda met with plaintiff Vaquero employees to discuss Vaquero's needs and strategy for information technology.  Among other results of the meeting, Vaquero personnel requested documentation files for the PLC ladder logic and all user names, passwords and access controls for all Vaquero, PLC's, SCADA, and other software and systems.

      C.  In or about early May 2015, Seth Hunter, the Operations Manager of Vaquero, requested passwords and documentation files from defendant Herda in a telephone conversation.  Defendant Herda did not provide the information and, instead, as a condition of providing the information, defendant Herda (1) claimed ownership of the "software" (without description or specificity) and (2) demanded from plaintiff Vaquero a license agreement by which plaintiff Vaquero would be required to pay to defendant Herda an unspecified license fee.

D. Through its counsel, Nossaman LLP, on May 27, 2015 plaintiff Vaquero delivered a demand for intellectual property and other property specifically, the return of "all known passwords, access, documentation or other property." Through its counsel, Alexander & Associates, on or about May 28, 2015, DEFENDANTS replied and claimed ownership of "the software, descriptions, writing logic, and any other programming and coding" and explained that "the logic, descriptions, and passwords are not necessary to continue operating the program Vaquero continues to operate today." As well, the reply from DEFENDANTS' counsel demanded a $50,000 monthly fee for a ten (10) year term "to license the intellectual property" or, alternatively, a one-time fee of $2,500,000.

E. Numerous phone calls and personal conversations with DEFENDANTS by employees and agents of plaintiff Vaquero including Seth Hunter, Joe Nahama, Hector Gonzalez and Don Lawson during which it was requested that DEFENDANTS provide user names, passwords, control access or other necessary information.

16. DEFENDANTS discontinued services to Vaquero in approximately May 2015. As of June 22, 2015, DEFENDANTS has not provided all user names, passwords, control access information or documentation for all Vaquero, PLC's, SCADA, and other software and systems including but not limited to:

| Edison | | |
|---|---|---|
| Identifier | Model | IP |
| Hershey | Control Logix | 192.168.2.209 |
| Steam Generator p1 | SLC 500 | |
| Steam Generator p2 | Control Logix | |
| Steam Generator p3 (Colm) | Control Logix | |

- 6 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

| | | |
|---|---|---|
| Santa Maria | | |
| Tunnell Master | Control Logix | 192.168.10.100 |
| Tunnell Master (standby) | Control Logix | 192.168.10.101 |
| Outside Leases Master | Control Logix | 192.168.10.200-201 |
| Unicell | Compact Logix | 192.168.10.212 |
| Vaquero_130046 | Compact Logix | 192.168.10.218 |
| Pad C | Control Logix | 192.168.10.225 |
| Pad C | Compact Logix | 192.168.10.226 |
| Pad C | Micro Logix | 192.168.10.227 |
| Pad C | Micro Logix | 192.168.10.228 |
| Pad E | Control Logix | 192.168.10.231 |
| Pad E | Micro Logix | 192.168.10.232 |
| Pad E | Micro Logix | 192.168.10.233 |
| Travis | Micro Logix | |
| Calderon | Control Logix | |
| Steam Generator 1 | Control Logix | |
| Steam Generator 2 | Control Logix | |
| Flare | Compact Logix | |
| Bardsdale | | |
| Bardsdale | Compact Logix | 192.168.101.2 |
| | | |
| Texas | | |
| Johnson Plant | Control Logix | 192.168.12.100 |
| Johnson Control Room | Control Logix | 192.168.12.102 |
| Elkins Plant | Control Logix | 192.168.16.100 |
| Elkins Control Room | Control Logix | 192.168.16.101 |

17. If plaintiff Vaquero does not receive user names, passwords, control access information and documentation for all its PLC's, SCADA, and other software and systems, it will be unable to completely or effectively maintain, update, upgrade, add, remove and/or coordinate those devices, software and systems. As a result, the integrity, safety and security of plaintiff Vaquero's gas and oil collection installations, and all employees at those installations, are in jeopardy of a singular (or cascade of) failure(s) of the device(s), software and system(s) that may cause (a)

- 7 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1


1 mechanism(s) to malfunction – at a potentially catastrophic level. 2 Specifically, and for illustration, plaintiff Vaquero operates its oil and gas 3 production facilities in close proximity to residential and commercial 4 business areas, agricultural lands, and water ways in rural settings. These 5 operations rely heavily on the automation and alarm systems embedded in 6 the PLC's and SCADA system. The inability to alter or troubleshoot these 7 devices can, and are likely to, fail unexpectedly causing a release of crude 8 oil, natural gas, and high pressure steam. These releases can cause an 9 explosion that could injure or worse, be fatal to a civilian, employee, or 10 contractor in proximity of such an event. There can be environmental 11 damages as well during a release. The ability to access the PLC's is 12 necessary to perform routine preventative maintenance and quickly 13 process failure of (a) device(s).

14     18. Defendants Herda and ICS accessed, without authorization:

15     (A) plaintiff Vaquero's Tunnell Master PLC and Ardantz Pad 16 C PLC and, approximately between May 5, and May 15, 2015, without 17 authority deleted and modified the Passwords, ladder logic and/or data 18 previously installed and activated on those PLC's on May 5, 2015 for the 19 purpose of preventing plaintiff Vaquero's use and access to its own 20 systems, computers and files;

21     (B) computers related to the five (5) Steam Generators that 22 previously were locked with the "2 2 2 2" password prior to early May 2015; 23 in accessing these computers, DEFENDANTS without authority changed 24 the passwords in order to prevent plaintiff Vaquero's use and access to its 25 own computers; and

26     (C) all PLC's and Vaquero systems identified in Paragraph 27 16, above; in accessing these computers without authorization,

28

- 8 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

1  DEFENDANTS changed the passwords with the intent of preventing
2  plaintiff Vaquero's use and access to its own computers.

3  　　19.　DEFENDANTS possessed no authorization whatsoever to
4  access plaintiff Vaquero's computers for the purpose of preventing
5  Vaquero's use and access of its own computers.  By their conduct as
6  alleged herein, DEFENDANTS sought unlawfully to extort monies from
7  plaintiff Vaquero.

8  　　20.　Plaintiff Vaquero has no adequate legal remedy to address
9  DEFENDANTS' violations of law as set forth herein.  DEFENDANTS'
10 conduct has caused Plaintiff Vaquero irreparable injury.

## FIRST CLAIM FOR RELIEF

**(Violation Of The Computer Fraud And Abuse Act, 18 U.S.C. §§ 1030, By Plaintiff Vaquero Against DEFENDANTS)**

14 　　21.　Plaintiff Vaquero refers to, and incorporates herein by this
15 reference, each and every allegation of paragraphs 1 to 20, inclusive,
16 above.

17 　　22.　Plaintiff Vaquero's computers and servers that store its
18 confidential information are "protected computer[s]" within the scope of 18
19 U.S.C. § 1030(e)(2) in that plaintiff Vaquero uses them in interstate
20 commerce and communications, including the Internet.

21 　　23.　Without authorization, DEFENDANTS has intentionally
22 accessed plaintiff Vaquero's computers and servers and without
23 authorization have intentionally locked Vaquero out of the use of those
24 computers and servers. DEFENDANTS' conduct violated, and violates, 18
25 U.S.C. §§ 1030(a)(5)(A)-(C) and (7).

26 　　24.　By his unauthorized and intentional conduct in violation of 18
27 U.S.C. § 1030, DEFENDANTS has recklessly and proximately caused
28 damage and loss to plaintiff Vaquero in excess of $5,000 in a one-year

- 9 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

period, including, but not limited to, causing plaintiff Vaquero to incur substantial costs in excess of $5,000 to investigate and attempt to remediate DEFENDANTS' unlawful conduct.

25. Pursuant to 18 U.S.C. § 1030(g), plaintiff Vaquero is entitled to compensatory damages and injunctive or other equitable relief.

## SECOND CLAIM FOR RELIEF

**(Violation Of The California Computer Data Access And Fraud Act, Cal. Pen. Code, § 502 By Plaintiff Vaquero Against DEFENDANTS)**

26. Plaintiff Vaquero refers to, and incorporates herein by this reference, each and every allegation of paragraphs 1 to 20, inclusive, above.

27. Plaintiff Vaquero's computers and servers referred to herein are subject to section 502 of the California Penal Code.

28. DEFENDANTS' conduct violates section 502 of the California Penal Code (the California Computer Data Access and Fraud Act), including but not limited to section 502(c)(5) of the California Penal Code, which makes it unlawful knowingly and without permission to disrupt, or cause the disruption, of computer services or deny, or cause the denial, of computer services to an authorized user of a computer, computer system, or computer network..

29. As a direct and proximate result of his violation of section 502 of the California Penal Code, DEFENDANTS has caused plaintiff Vaquero damages in a sum to be determined at trial according to proof. With regard to such violation, plaintiff Vaquero is additionally entitled to injunctive and other equitable relief.

30. DEFENDANTS' conduct was willful and manifests oppression, fraud and malice. As a result, plaintiff Vaquero is entitled to exemplary

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

damages pursuant to section 502(e)(4) of the California Penal Code and section 3294 of the California Civil Code.

### THIRD CLAIM FOR RELIEF

### (Violation Of The Stored Communications Act, 18 U.S.C. § 2701 By Plaintiff Vaquero Against DEFENDANTS)

31.   Plaintiff Vaquero refers to, and incorporates herein by this reference, each and every allegation of paragraphs 1 to 20, inclusive, above.

32.   Plaintiff Vaquero's computers and servers are facilities through which electronic communication services are provided within the meaning of the Stored Communications Act, 18 U.S.C. § 2701 et seq.  The PLC's, SCADA, computers and servers come within the definition of "electronic storage" set forth in 18 U.S.C. §§ 2510(17) and 2711.

33.   By his conduct described herein, DEFENDANTS, without authority, intentionally have prevented authorized access to wire and electronic communication while in electronic storage in plaintiff Vaquero's computers and servers.  In so doing, DEFENDANTS violated the Stored Communications Act, 18 U.S.C. § 2701 et seq.

34.   As a direct and proximate result of DEFENDANTS' unlawful conduct, plaintiff Vaquero has suffered damages in an amount to be proven at trial.  Alternatively, plaintiff Vaquero is entitled to statutory damages pursuant to 18 U.S.C. § 2707(c).  Additionally, plaintiff Vaquero is entitled to injunctive or other equitable relief to address DEFENDANTS' violations of law.

///
///
///
///

- 11 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200 et seq.

## By Plaintiff Vaquero Against DEFENDANTS)

35. Plaintiff Vaquero refers to, and incorporates herein by this reference, each and every allegation of paragraphs 1 to 20, inclusive, above

36. The conduct of DEFENDANTS violated, violates, and will continue to violate sections 17200 et seq. of the California Business and Professions Code.

37. Plaintiff Vaquero is entitled to (a) injunctive relief to prevent the continued violation of sections 17200 et seq. of the California Business and Professions Code and (b) restoration of monies paid to DEFENDANTS.

## PRAYER

Wherefore, plaintiff Vaquero prays judgment against DEFENDANTS as follows:

1. **First Claim for Relief** for:
   (a) compensatory damages in an amount according to proof at trial; and
   (b) injunctive and other appropriate equitable relief;
2. **Second Claim for Relief** for:
   (a) compensatory damages in an amount according to proof at trial;
   (b) exemplary damages; and
   (c) injunctive and other appropriate equitable relief;
3. **Third Claim for Relief** for:
   (a) compensatory damages in an amount according to proof at trial; alternatively, plaintiff Vaquero is entitled to statutory damages pursuant to 18 U.S.C. § 2707(c); and

- 12 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9326665.v1

      (b)    injunctive and other appropriate equitable relief;

4. **Fourth Claim for Relief** for injunctive relief, restoration of monies paid to DEFENDANTS and other appropriate equitable relief;

5. For an award of costs and reasonable attorney's fees under section 502(e)(2) of the California Penal Code and section 2707(b)(3) of Title 18 of the United States Code; and

6. For such other and further relief as is reasonable and necessary.

Date:   July 30, 2015

NOSSAMAN LLP
STEPHEN P. WIMAN
THOMAS DOVER

By:  /s/ Thomas Dover
      Thomas Dover

Attorneys for Plaintiff and Counterdefendant VAQUERO ENERGY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Vaquero Energy, Inc. demands a trial by jury for all claims alleged herein.

Date:   July 30, 2015

NOSSAMAN LLP
STEPHEN P. WIMAN
THOMAS DOVER

By:  /s/ Thomas Dover
      Thomas Dover

Attorneys for Plaintiff and Counterdefendant VAQUERO ENERGY, INC.