**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAQUERO ENERGY, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>JEFF HERDA, an individual and doing business as INTEGRATED CONTROL SYSTEMS, BRAXBRO, INC., a Nevada corporation and doing business as INTEGRATED CONTROL SYSTEMS, a corporation ,<br>           Defendant. | Case No.: 1:15-cv-00967 - JLT<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER MODIFYING THE PRELIMINARY INJUNCTION<br><br>(Doc. 35) |

On September 1, 2015, Defendants filed an ex parte application for an order modifying the preliminary injunction "to prohibit plaintiff from replicating the codes or offering access to defendants' competitors." (Doc. 35 at 1)  Defendants contend "the preliminary injunction is not narrowly tailored to address only those damages suffered by plaintiff, and that defendants will suffer harm if this matter is not heard prior to the posting of a bond." (*Id.* at 2)  According to Defendants, "the Court should reconsider its order granting the injunction because it is manifestly unjust." (Doc. 35-1 at 5)  Based upon the relief requested, the Court construes ex parte application as a request for reconsideration, which must be filed as a motion in accordance with Local Rule 230(g).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A

reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. *Id.* Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Defendants argue the preliminary injunction was "manifestly unjust" and "should be reconsidered and modified to protect [D]efendants." (Doc. 35-1 at 5) Notably, however, the Court ordered Plaintiff to post a bond of $200,000 given Defendants' assertion that they were entitled to copyright protections. Because Defendants show no more than a disagreement with the Court's prior order and failed to comply with Local Rule 230(j) governing motions for reconsideration, the ex parte application is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 3, 2015**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE